Thomas A. Aurelio, J.
The petitioner seeks an order pursuant to article 78 of the Civil Practice Act (1) to direct respondents to recommend the creation of a new title of Senior Personal Property Appraiser, Salary Grade XXII; (2) to create such a new title and certify petitioner to such position; (3) to pay petitioner the retroactive salary for such new title.
Petitioner was originally appointed as a Personal Property Appraiser, unlimited salary grade. Under reclassification pursuant to the career and salary plan, he was classified as Appraiser (Personal Property), Grade XVI — salary $6,400 to $8,200.
*612 Tiie petitioner now urges that the importance, great responsibilities and qualifications for the position necessitate a higher classification, with corresponding higher salary and grade. In extolling his ability, he makes claim to uniqueness of this position, and the great responsibilities in preserving the assets of the city. He compares himself and his work with those who have similar grades and salaries but lesser duties and responsibilities; or, with those in higher grades and salaries but equal or less duties and responsibilities.
Petitioner further contends that he is limited in his opportunity for advancement in the field of his specialty while many other titles are not so thwarted. Finally he contends that he was removed from an unlimited salary grade and placed in a salary grade with a maximum amount, which is contrary to the resolution of the Civil Service Commission.
The last two contentions require little comment since the career and salary plan unequivocally states that the rights of permanent incumbents would not be impaired and that those positions which carried unlimited salary grade prior to reclassification would not be subject to a maximum salary even though such position is placed in a graded position carrying a maximum.
In short the petitioner can get merit increases of any amount without further examination. However, it was necessary to prepare for the future incumbents in this position.
The duties of Personal Property Appraiser coincide with the duties outlined in the reclassified title of Appraiser (Personal Property) under the career and salary plan.
Although each employee would like to be final judge of the importance of his own position, the responsibilities attached thereto, the value of his services, the qualifications necessary to carry out the work, of necessity such evaluation must be left to the discretion of the agency, in this case the personnel director, created for such purpose; and his opinion must prevail unless there is palpable error or prejudice clearly shown. Safeguards are provided for by appeal to the Classification Appeal Board. Over-all approval rests in the Board of Estimate, the governing body of the City of New York.
The reclassification, under the career and salary plan, of thousands of employees brings many protests. A board of classification appeals was set up under this plan to make a final determination. The court must accept such final determination unless it is clearly arbitrary, capricious or illegal.
The petitioner’s contentions, although purely self-serving and without proof, are fully refuted by the respondents. Not only is it shown that petitioner’s duties are not unique but that there *613 are other employees in the city carrying similar duties and responsibilities as petitioner. These other employees are also classified as Appraiser (Personal Property), Grade XVI.
Whether there should be higher titled positions, carrying higher grade and salary as of now or in the future is left to the wisdom and discretion of respondents, and it is not within the authority of this court to direct the respondents to carry out a discretionary act.
There is no doubt that the respondents in endeavoring to put into effect the career and salary plan were obliged to face realities. Formulas were set as a guide and consideration given to the duties of the positions prior to and after reclassification.
A classification which conforms the civil service structure to the realities which obtained in the operation of the agency prior to classification is valid. (Matter of Mandle v. Brown, 5 N Y 2d 51.)
In the case at hand, the respondents found that petitioner’s actual duties and responsibilities as Personal Property Appraiser, which were properly within his position at the time of the survey, coincided with the title and qualifications of the reclassified title of Appraiser (Personal Property), Grade XVI. The petitioner was placed in such classification.
Unless there is a clear showing of arbitrariness or capriciousness, the court may not interfere with or substitute its judgment for that of those experienced public officials who are entrusted with these responsibilities. There is a rational basis in the record for the determination made in view of the tremendous undertaking.
To attempt to have this court substitute its discretion for the discretion vested by law in a stated agency, would place an additional burden upon the court, which was apparently not contemplated when the Legislature enacted the statute permitting the Board of Estimate of the City of New York to establish a career and salary plan and placing the responsibility thereof in the hands of experienced persons.
The acts of the Board of Estimate, acting through its various agencies, although involving the exercise of judgment and discretion, are in the category of a legislative or executive character over which the court has a limited power on review.
The petitioner has failed to show a clear legal right to the relief sought. Accordingly, the application is denied in all respects and petition is dismissed.